IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM J. SILSBY, | ) CASE NO. 1:18 CV 1832 |
| Plaintiff, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| WARDEN BRIGHAM SLOAN, et al., | ) |
| | ) MEMORANDUM OPINION |
| Defendants. | ) AND ORDER |

*Pro se* Plaintiff William J. Silsby ("Silsby" or "Plaintiff"), a prisoner at Lake Erie Correctional Institution ("LECI"), filed this action against defendants Warden Brigham Sloan ("Sloan") and Unit Manager Administrator Misty Mackey ("Mackey") (collectively, "Defendants") pursuant to 42 U.S.C. § 1983. (Docket #1 at 2). Plaintiff's allegations concern what he characterizes as health and safety violations at LECI, and claims that Defendants have violated his constitutional right to equal protection and subjected him to cruel and unusual punishment (*id.* at 3). Plaintiff asks this Court to require LECI to "come up to state and federal codes" (*id.* at 5).

For the reasons that follow, this action is dismissed.

I. Background

Plaintiff asserts a number of allegations concerning conditions at LECI. The first is that the average wait time to use a lavatory is eighteen to thirty-five minutes. Plaintiff alleges that he

has had to wait over twenty-five minutes to use the lavatory, and has had to use a bucket and plastic bag to relieve himself because of the wait and because the bathrooms "are not up to state or federal codes." The second is that the ventilation at LECI is insufficient and, when the temperature outside is 90 degrees, it is over 100 degrees in the dormitories (which includes restrooms). (*See id.* at 5-6). Third, Plaintiff alleges that LECI is over capacity, causing "friction and unsafe living conditions." (*See id.*). Plaintiff also alleges that there are goose dropping in the yard, and no water fountains in the housing units or yard. He further claims that prior to a June 2018 "audit," prison staff told him to paint over black mold in the shower with "kiltz." When Plaintiff objected that he needed a mask, body suit, bleach, sanding blocks, and oil based paint in addition to the "kiltz," he was told by staff that "per Ms. Mackey" he was to paint over it and, when Mackey inspected the area, she said "that will do." (*Id.* at 6). Plaintiff states that he filed a grievance concerning these allegations, but "they refused to address them" and he has been subjected to cruel and unusual punishment because of the above-described conditions. (*Id.* at 8).

## II. Discussion

### A. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, seeks monetary relief from a defendant who is immune from such relief, or lacks an arguable basis in law or fact. In order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint must set forth

sufficient factual matter, accepted as true, to state claim for relief that is plausible on its face. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (citations omitted).

The plausibility standard is not equivalent to a "'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted) (citing Fed. R. Civ. P. 8(a)(2)). Although a complaint need not contain detailed factual allegations, it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678.

When reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996)). That said, the Court is not required to conjure unpleaded facts or construct claims against Defendants on Plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

## B. Analysis

### 1. Plaintiff fails to state a § 1983 claim

Section 1983 is not a source of substantive rights, but a means by which Plaintiff may seek relief for the deprivation of rights secured by the Constitution and federal laws. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (citation omitted). To state a claim under § 1983, Plaintiff must allege "(1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003) (citation omitted); *West v. Atkins*, 487 U.S. 42, 48 (1988).

The statute of limitations for a § 1983 claim is two years. *See Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003) (citation omitted). With the exception of the June 2018 audit, Plaintiff does not specify the date or dates when the events described in the Complaint occurred. Nevertheless, the Court will assume for the purpose of this analysis that all of the events described in the Complaint took place within the two-year limitations period.

Even assuming this action is timely filed, Plaintiff fails to state a plausible § 1983 claim against Sloan and Mackey because he does not allege specific conduct on the part of either defendant that deprived him of a constitutional right. Plaintiff asserts no factual allegations at all against Sloan,[1] and the only allegation against Mackey is that the staff told Plaintiff that she said to paint over the mold with "kiltz" and was satisfied with that work.

---

[1] To the extent Plaintiff is asserting a claim against Sloan on the basis of *respondeat superior* or vicarious liability, that claim fails. Sloan is not liable under § 1983 simply because he is the warden at LECI in the absence of personal involvement in the alleged unconstitutional conduct. *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Monell v. Dep't of Soc. Srvs.*, 436 U.S. 658 (1978)).

Where a defendant is named without a specific allegation of unconstitutional conduct, the complaint is subject to dismissal even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of claims where complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation). "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188 190 (6th Cir. 2004). Plaintiff fails to state a plausible § 1983 claim of unconstitutional conduct against Defendants.

Plaintiff fails to state a § 1983 claim for the additional reason that the Complaint does not identify any right secured by the Constitution of which Plaintiff was allegedly deprived. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not involve the unnecessary and wanton infliction of pain, and what constitutes cruel and unusual punishment under the Eighth Amendment draws its meaning from society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (citations omitted). The Eighth Amendment protects inmates by requiring that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This standard does not mandate that a prisoner be free from discomfort or inconvenience during his incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (quoting *Rhodes*, 452 U.S. at 346). The Eighth Amendment does not afford constitutional protection with respect to

conditions which cause mere discomfort, aggravation, or annoyance. *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (requiring extreme or grave deprivation) (citations omitted). "Inmates 'cannot expect the amenities, conveniences and services of a good hotel.'" *Agramonte v. Shartle*, 491 F. App'x 557, 559 (6th Cir. 2012) (quoting *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir. 1988)); *Thaddeus-X v. Blatter*,175 F.3d 378, 405 (6th Cir. 1999).

Plaintiff's claims regarding lavatory wait times is not an extreme deprivation that triggers the Eighth Amendment's protection against cruel and unusual punishment. Without more, wait lines for the restrooms are insufficient to support an Eighth Amendment claim. *See Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 345-46 (6th Cir. 2014) (lines for the restroom are insufficient to support an Eighth Amendment claim) (citing *Farmer v. Brennan,* 511 U.S. 825, 835(1994)); *see also Johnson v. Sharp*, No. 1:10-CV-978, 2012 WL 7809846, at *3 (W.D. Mich. Dec. 5, 2012) (denial of access to use of a toilet for hours is not sufficient to rise to the level of a serious deprivation under the Eight Amendment) (collecting cases), *report and recommendation adopted,* No. 1:10-CV-978, 2013 WL 1289499 (W.D. Mich. Mar. 27, 2013), *aff'd* (June 6, 2014).

"Nor can the presence of bird droppings in the prison yard and on sidewalks demonstrate an Eighth Amendment violation." *Solano-Moreta v. Washington*, No. 2:18-CV-111, 2019 WL 1466302, at *8 (W.D. Mich. Apr. 3, 2019) (Plaintiff's allegations that bird droppings were present in the outdoor areas of the prison "falls far short of showing that prison conditions fell below the requisite minimal civilized measures of life's necessities.") (citations omitted).

With respect to Plaintiff's allegations of mold in the shower, he does not allege that the mold in the shower has been determined to be toxic "black mold," as opposed to mold that is

simply black in color. Moreover, even assuming the truth of his allegation that Mackey told the staff to "put a bandaid" on the mold by painting over it with "kiltz," these facts do not suggest that the showers at LECI contravene society's "evolving standards of decency" so as to constitute a violation of the Eighth Amendment. *Rhodes*, 452 U.S. at 346.

Regarding Plaintiff's allegations that "if the temperature outside is 90, it is over 100 in the dormitory settings," and there are no water fountains "to allow the residents to stay hydrated in extreme heat conditions" (Docket #1 at 5-6), Plaintiff does not allege any facts regarding the frequency or duration of these occurrences. "Conditions-of-confinement cases are highly fact-specific, but one guiding principle is that the length of exposure to the conditions is often paramount." *Lamb v. Howe*, 677 F. App'x 204, 209 (6th Cir. 2017) (citing *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) ("In general, the severity and duration of deprivations are inversely proportional, so that minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations of shelter, food, drinking water, and sanitation' may meet the standard despite a shorter duration.")). Even assuming that the allegations in the Complaint are true, Plaintiff alleges, at most, temporary inconveniences that did not last so long as to create conditions of confinement that fall below below "'the minimal civilized measure of life's necessities as measured by a contemporary standard of decency.'" *Lamb*, 677 F. App'x at 209 (Plaintiff's claim that he was deprived of a lower bunk, subjected to a flooded cell, and deprived of a working toilet are temporary inconveniences that do not state a plausible claim upon which relief can be granted.) (quoting *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001)).

Lastly, Plaintiff alleges that LECI is overcrowded, resulting in "friction and unsafe living conditions," "fights, and other assaults." (Docket #1 at 5-6). But overcrowding alone does not

violate the Eighth Amendment. *See Rhodes*, 452 U.S. at 346-49 (double celling alone does not amount to cruel and unusual punishment); *Johnson v. Heffron*, 88 F.3d 404, 407 (6th Cir. 1996) ("overcrowding itself is not necessarily unconstitutional"). Overcrowding does not violate the Eighth Amendment unless overcrowded conditions deprive Plaintiff of the minimal civilized measures of life's necessities. Plaintiff does not allege any specific threat or harm to which he was exposed as a consequence of the alleged over crowding, nor does he allege that such conditions deprived him of basic human needs. *See Halliburton v. Sunquist*, 59 F. App'x 781, 782 (6th Cir. 2003) (plaintiff's allegation that overcrowding places him in danger of attack by other inmates does not implicate the Eighth Amendment where plaintiff did not allege any specific threat or claim that he was actually attacked, or that he was deprived of basic human needs by virtue of the alleged overcrowding) (citing *Wilson v. Seiter,* 501 U.S. 294, 298 (1991) and *Rhodes,* 452 U.S. at 347-48). Plaintiff's conclusory allegations that overcrowding at LECI causes friction and "unsafe living conditions" are insufficient to support a plausible § 1983 Eighth Amendment claim.

For all of these reasons, Plaintiff fails to state a plausible § 1983 Eighth Amendment claim upon which relief can be granted, and that claim is dismissed pursuant to § 1915(e).

### 2. Plaintiff fails to state an equal protection claim

Plaintiff claims that his Fourteenth Amendment right to equal protection has been violated, but asserts no factual allegations in support of that claim. The Equal Protection Clause prohibits the state from making "distinctions which either burden a fundamental right, target a suspect class, or intentionally treat one differently form others similarly situated without any rational basis for the difference." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312-13 (6th Cir. 2005) (citing among authority *Vacco v. Quill*, 521 U.S. 793, 799 (1997)). Plaintiff has not

alleged any of the elements of an equal protection claim with respect the conditions at LECI. Indeed, it appears that Plaintiff alleges that the conditions about which he complains are systemic to the institution, not imposed upon Plaintiff in particular. Plaintiff's conclusory allegation that Defendants violated his right to equal protection, in the absence of any supporting factual allegations, fails to state a § 1983 claim. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). Accordingly, Plaintiff's equal protection claim is dismissed pursuant to § 1915(e).

### 3. Plaintiff's state law claims are dismissed without prejudice

Plaintiff alleges that conditions at LECI violate state codes, but does not specify the codes to which he refers. To the extent that Plaintiff is asserting a state law claim, the Court, having dismissed Plaintiff's federal claims, declines to exercise supplemental jurisdiction over any such claim. *See* 28 U.S.C. 1367(c); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Plaintiff's state law claims are dismissed without prejudice.

## III. Conclusion

For the reasons stated herein, Plaintiff's federal claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. Any state law claim that Plaintiff may be asserting is dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED**.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: May 14, 2019